William F. Small, Esq. (SBN 253443)
**SMALL LAW PC**
1350 Columbia St., Suite 700
San Diego, California 92101
Telephone: (619) 430-4796
Facsimile: (619) 664-4278
Email: will@smalllawcorp.com

Attorneys for Defendants OWEN MESSAC
and SWAGG SEATS INC

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN EXPRESS NATIONAL BANK and AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OWEN MESSAC, SWAGG SEATS INC. and Does 1 through 20, inclusive, <br><br> Defendants. | Case No. 3:30-cv-0502-DMS-AHG <br><br> Hon. Judge Dana M. Sabraw <br> Hon. Judge Allison H. Goddard, Magistrate <br><br> **ANSWER BY DEFENDANTS OWEN MESSAC AND SWAGG SEATS INC** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Complaint Filed: March 16, 2020 |

Defendants OWEN MESSAC, an individual ("MESSAC") and SWAGG SEATS INC, a corporation ("SWAGG SEATS") (collectively referred to herein as "Defendants"), hereby answer the Complaint of plaintiffs AMERICAN EXPRESS NATIONAL BANK, a corporation, and AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., a corporation, (collectively referred to herein as "Plaintiffs") as follows:

In compliance with Local Rule 5.1(k) governing responsive pleadings, Defendants answer these "paragraphs" in the exact order that they were numbered in the Plaintiff's Complaint, even where such paragraphs contain multiple allegations.

1. In response to Paragraph 1 of the Complaint, Defendants admit that

Plaintiffs have filed this action seeking to recover $1.6 million. Defendants deny all other allegations therein.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and therefore deny the allegations therein.

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and therefore deny the allegations therein.

4. Defendants admit the allegations in Paragraph 4 of the Complaint.

5. Defendants admit the allegations in Paragraph 5 of the Complaint.

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint and therefore deny the allegations therein.

7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and therefore deny the allegations therein.

8. Paragraph 8 sets forth legal conclusions to which no response is required.

9. Paragraph 9 sets forth legal conclusions to which no response is required.

10. In response to Paragraph 10, Defendants lack knowledge or information sufficient to form a belief as to whether "AENB sent any changes in terms to the 2003 Account at the time it implemented any such changes in terms" and therefore deny that allegation. Defendants admit the remaining allegations within Paragraph 10.

11. In response to Paragraph 11 of the Complaint, Defendants admit the allegations of that paragraph.

12. In response to Paragraph 12 of the Complaint, Defendants admit that

Defendants made charges to and payments on the 2003 Account. Defendants deny the remaining allegations in Paragraph 12.

13. In response to Paragraph 13, Defendants lack knowledge or information sufficient to form a belief as to whether "AENB sent any changes in terms to the 1006 Account Cardmember Agreement to the address within its business records for the 1006 Account at the time it implemented any such changes in terms" and therefore deny that allegation. Defendants admit the remaining allegations within Paragraph 13.

14. In response to Paragraph 14 of the Complaint, Defendants admit the allegations of that paragraph.

15. In response to Paragraph 15 of the Complaint, Defendants admit that Defendants made charges to and payments on the 1006 Account. Defendants deny the remaining allegations in Paragraph 15.

16. In response to Paragraph 16, Defendants lack knowledge or information sufficient to form a belief as to whether "AENB sent any changes in terms to the 1004 Account Cardmember Agreement to the address within its business records for the 1004 Account at the time it implemented any such changes in terms" and therefore deny that allegation. Defendants admit the remaining allegations within Paragraph 16.

17. In response to Paragraph 17 of the Complaint, Defendants admit the allegations of that paragraph.

18. In response to Paragraph 18 of the Complaint, Defendants admit that Defendants made charges to and payments on the 1004 Account. Defendants deny the remaining allegations in Paragraph 18.

19. In response to Paragraph 19, Defendants lack knowledge or information sufficient to form a belief as to whether "AENB sent any changes in terms to the 2001 Account Cardmember Agreement to the address within its business records for the 2001 Account at the time it implemented any such changes

in terms" and therefore deny that allegation. Defendants admit the remaining allegations within Paragraph 19.

20. In response to Paragraph 20 of the Complaint, Defendants admit the allegations of that paragraph.

21. In response to Paragraph 21 of the Complaint, Defendants admit that Defendants made charges to and payments on the 2001 Account. Defendants deny the remaining allegations in Paragraph 21.

22. In response to Paragraph 22, Defendants lack knowledge or information sufficient to form a belief as to whether "AENB sent any changes in terms to the 1008 Account Cardmember Agreement to the address within its business records for the 1008 Account at the time it implemented any such changes in terms" and therefore deny that allegation. Defendants admit the remaining allegations within Paragraph 22.

23. In response to Paragraph 23 of the Complaint, Defendants admit the allegations of that paragraph.

24. In response to Paragraph 24 of the Complaint, Defendants admit that Defendants made charges to and payments on the 1008 Account. Defendants deny the remaining allegations in Paragraph 24.

25. In response to Paragraph 25 of the Complaint, Defendants deny the allegations therein.

26. In response to Paragraph 26, Defendants lack knowledge or information sufficient to form a belief as to whether "ETRS sent any changes in terms to the Merchant Agreement to Swagg Seats at its address within its business records for the Merchant Account at the time AETRS implemented any such changes in terms" and therefore deny that allegation. Defendants admit the remaining allegations within Paragraph 26.

27. In response to Paragraph 27 of the Complaint, Defendants admit that the Merchant Agreement includes the paragraph quoted in Paragraph 27. To the

extent there are any other factual allegations in Paragraph 27, Defendants deny those allegations.

28. In response to Paragraph 28, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore deny the allegations therein.

29. In response to Paragraph 29, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore deny the allegations therein.

30. In response to Paragraph 30, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore deny the allegations therein.

31. In response to Paragraph 31, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and therefore deny the allegations therein.

32. In response to Paragraph 32 of the Complaint, Defendants deny the allegations therein.

33. In response to Paragraph 33 of the Complaint, Defendants deny the allegations therein.

34. In response to Paragraph 34 of the Complaint, Defendants deny the allegations therein.

35. In response to Paragraph 35 of the Complaint, Defendants deny the allegations therein.

36. In response to Paragraph 36 of the Complaint, Defendants deny the allegations therein.

37. In response to Paragraph 37 of the Complaint, Defendants deny the allegations therein.

38. To the extent Paragraph 38 sets forth legal conclusions, no response is required. Defendants deny the factual allegations contained in Paragraph 38.

39. To the extent Paragraph 39 sets forth legal conclusions, no response is required. Defendants deny the factual allegations contained in Paragraph 39.

40. To the extent Paragraph 40 sets forth legal conclusions, no response is required. Defendants deny the factual allegations contained in Paragraph 40.

41. To the extent Paragraph 41 sets forth legal conclusions, no response is required. Defendants deny the factual allegations contained in Paragraph 41.

42. To the extent Paragraph 42 sets forth legal conclusions, no response is required. Defendants deny the factual allegations contained in Paragraph 42.

43. To the extent Paragraph 43 sets forth legal conclusions, no response is required. Defendants deny the factual allegations contained in Paragraph 43.

44. To the extent Paragraph 44 sets forth legal conclusions, no response is required. Defendants deny the factual allegations contained in Paragraph 44.

45. To the extent Paragraph 45 sets forth legal conclusions, no response is required. Defendants deny the factual allegations contained in Paragraph 45.

46. To the extent Paragraph 46 sets forth legal conclusions, no response is required. Defendants deny the factual allegations contained in Paragraph 46.

47. To the extent Paragraph 47 sets forth legal conclusions, no response is required. Defendants deny the factual allegations contained in Paragraph 47.

48. To the extent Paragraph 48 sets forth legal conclusions, no response is required. Defendants deny the factual allegations contained in Paragraph 48.

49. To the extent Paragraph 49 sets forth legal conclusions, no response is required. Defendants deny the factual allegations contained in Paragraph 49.

50. To the extent Paragraph 50 sets forth legal conclusions, no response is required. Defendants deny the factual allegations contained in Paragraph 50.

51. To the extent Paragraph 51 sets forth legal conclusions, no response is required. Defendants deny the factual allegations contained in Paragraph 51.

52. To the extent Paragraph 52 sets forth legal conclusions, no response is required. Defendants deny the factual allegations contained in Paragraph 52.

1  53. To the extent Paragraph 53 sets forth legal conclusions, no response is required. Defendants deny the factual allegations contained in Paragraph 53.

54. To the extent Paragraph 54 sets forth legal conclusions, no response is required. Defendants deny the factual allegations contained in Paragraph 54.

55. To the extent Paragraph 55 sets forth legal conclusions, no response is required. Defendants deny the factual allegations contained in Paragraph 55.

56. To the extent Paragraph 56 sets forth legal conclusions, no response is required. Defendants deny the factual allegations contained in Paragraph 56.

57. To the extent Paragraph 57 sets forth legal conclusions, no response is required. Defendants deny the factual allegations contained in Paragraph 57.

58. To the extent Paragraph 58 sets forth legal conclusions, no response is required. Defendants deny the factual allegations contained in Paragraph 58.

59. To the extent Paragraph 59 sets forth legal conclusions, no response is required. Defendants deny the factual allegations contained in Paragraph 59.

60. To the extent Paragraph 60 sets forth legal conclusions, no response is required. Defendants deny the factual allegations contained in Paragraph 60.

61. To the extent Paragraph 61 sets forth legal conclusions, no response is required. Defendants deny the factual allegations contained in Paragraph 61.

62. To the extent Paragraph 62 sets forth legal conclusions, no response is required. Defendants deny the factual allegations contained in Paragraph 62.

63. To the extent Paragraph 63 sets forth legal conclusions, no response is required. Defendants deny the factual allegations contained in Paragraph 63.

64. To the extent Paragraph 64 sets forth legal conclusions, no response is required. Defendants deny the factual allegations contained in Paragraph 64.

65. To the extent Paragraph 65 sets forth legal conclusions, no response is required. Defendants deny the factual allegations contained in Paragraph 65.

66. To the extent Paragraph 66 sets forth legal conclusions, no response is required. Defendants deny the factual allegations contained in Paragraph 66.

67. To the extent Paragraph 67 sets forth legal conclusions, no response is required. Defendants deny the factual allegations contained in Paragraph 67.

68. To the extent Paragraph 68 sets forth legal conclusions, no response is required. Defendants deny the factual allegations contained in Paragraph 68.

69. To the extent Paragraph 69 sets forth legal conclusions, no response is required. Defendants deny the factual allegations contained in Paragraph 69.

70. To the extent Paragraph 70 sets forth legal conclusions, no response is required. Defendants deny the factual allegations contained in Paragraph 70.

71. To the extent Paragraph 71 sets forth legal conclusions, no response is required. Defendants deny the factual allegations contained in Paragraph 71.

72. To the extent Paragraph 72 sets forth legal conclusions, no response is required. Defendants deny the factual allegations contained in Paragraph 72.

73. To the extent Paragraph 73 sets forth legal conclusions, no response is required. Defendants deny the factual allegations contained in Paragraph 73.

74. To the extent Paragraph 74 sets forth legal conclusions, no response is required. Defendants deny the factual allegations contained in Paragraph 74.

75. To the extent Paragraph 75 sets forth legal conclusions, no response is required. Defendants deny the factual allegations contained in Paragraph 75.

## PRAYER FOR RELIEF

Defendants incorporate by reference their responses to Paragraphs 1 to 75 of the Complaint and explicitly deny that Plaintiffs are entitled to any of the relief requested in the Complaint's Prayer for Relief.

## AFFIRMATIVE DEFENSES

By way of further answer, Defendants allege and assert the following defenses in response to the allegations contained in the Complaint. In this regard, Defendants undertake the burden of proof only as to those defenses that are deemed affirmative defenses by law, regardless of how such defenses are denominated in the instant Answer. Defendants reserve the right to assert other affirmative defenses as

this action proceeds based on further discovery, legal research, or analysis that may supply additional facts or lend new meaning or clarification to Plaintiff's claims.

## FIRST AFFIRMATIVE DEFENSE
### Failure to State a Claim

1. Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### Statute of Limitations

2. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE
### Lack of Standing

3. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing.

## FOURTH AFFIRMATIVE DEFENSE
### Adequate Remedy at Law

4. Plaintiffs have not stated a valid claim for injunctive relief because Plaintiffs have an adequate remedy at law.

## FIFTH AFFIRMATIVE DEFENSE
### Estoppel

5. Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE
### Laches

6. Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE
### Acquiescence

7. Plaintiffs' claims are barred, in whole or in part, by the doctrine of acquiescence.

## EIGHTH AFFIRMATIVE DEFENSE
### Waiver

8. Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

## NINTH AFFIRMATIVE DEFENSE
### Unclean Hands

9. Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE
### Excuse

10. Defendants assert that any alleged breach of contract by Defendants—which Defendants deny—has been excused by Plaintiffs' own breach.

## ELEVENTH AFFIRMATIVE DEFENSE
### Failure to Mitigate

11. Defendants assert that Plaintiffs have failed to take reasonable steps to reduce or minimize the damages it allegedly experienced.

## TWELFTH AFFIRMATIVE DEFENSE
### Offset

12. Defendants assert that Plaintiffs owes money or other valuable consideration to Defendants and that, as a result, Plaintiffs owe less than the amount claimed.

///
///
///

### THIRTEENTH AFFIRMATIVE DEFENSE
### Prevention of Performance

13. Defendants assert that Defendants were prevented from performing the contract alleged in the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE
### Breach by Plaintiffs

14. Defendants assert that Defendants were prevented from performing the contract alleged in the Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE
### Force Majeure

15. As a result of the Coronavirus pandemic and other "acts of God" or extraordinary events, Defendants were prevented from fulfilling their contractual obligations as alleged in the Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE
### Impossibility

16. As a result of unforeseeable or unprecedented events, Defendants performance under the contracts alleged in the Complaint was made impossible or impractical.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### Additional Affirmative Defenses

17. Defendants expressly reserve the right to amend their Answer to the Complaint to assert additional Affirmative Defenses as may be revealed during discovery of this action and additional research and investigation.

### PRAYER FOR RELIEF

Wherefore, Defendants pray for judgment against Plaintiffs as follows:

i. that Plaintiffs take nothing by their complaint and that their Prayer for Relief be denied in its entirety;

ii. that Plaintiffs' complaint be dismissed with prejudice and judgment entered in favor of Defendants;

iii. that Defendants be awarded their costs and attorneys' fees; and

iv. any further relief the Court deems just and proper.

<u>Defendants hereby demand a jury trial on all issues triable by jury in this matter</u>.

Respectfully submitted,

DATED: October 13, 2020            SMALL LAW PC


By:  /s/ *William F. Small*
     William F. Small
     will@smalllawcorp.com
     Attorneys for Defendants Owen Messac and Swagg Seats Inc

# CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2020, I served a true and correct copy of the documents listed below upon the persons listed below by causing electronic copies in pdf format to be transmitted via the NEF procedure to such persons who are CM/ECF users and have thus "consent[ed] to electronic service through the court's transmission facilities" (*ECF Administrative Policies and Procedures Manual* at Section 2 (d) (2) ¶ 1).

**Documents Served:**

1. ANSWER BY DEFENDANTS OWEN MESSAC AND SWAGG SEATS INC

**Persons Served:**

| | |
|---|---|
| STROOCK & STROOCK & LAVAN LLP<br>Brian C. Frontino<br>David W. Moon<br>Gaganjyot K. Sandhu<br><br>2029 Century Park East<br>Los Angeles, CA 90067-3086<br>Telephone: 310-556-5800<br>Facsimile: 310-556-5959 | Attorneys for Plaintiffs<br>American Express National Bank and American Express Travel Related Services Company, Inc. |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed at San Diego, California, on this 13th day of October, 2020.

By:    */s/ William F. Small*
       William F. Small
       Attorneys for Defendants Owen Messac and Swagg Seats Inc