UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN EXPRESS NATIONAL BANK and AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>OWEN MESSAC, SWAGG SEATS INC. and Does 1 through 20, inclusive,<br><br>Defendants. | Case No.: 3:20-cv-0502-DMS-AHG<br><br>**ORDER GRANTING FOURTH JOINT MOTION TO CONTINUE EARLY NEUTRAL EVALUATION AND CASE MANAGEMENT CONFERENCE**<br><br>[ECF No. 20] |

This matter comes before the Court on the parties' Joint Motion for Continuance of the Early Neutral Evaluation ("ENE") and Case Management Conference ("CMC") scheduled for March 22, 2021. ECF No. 20.

Parties seeking to continue an ENE must demonstrate good cause. ECF No. 8 at 4 ("An ENE may be rescheduled only upon a showing of good cause"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"); *see, e.g.*, Fed. R. Civ. P 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time"); Fed. R. Civ. P 16(b)(4) ("A schedule may be

modified only for good cause and with the judge's consent").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

The Court held the first ENE in this matter on December 4, 2020. Rather than holding the CMC immediately thereafter, the Court set a second ENE for January 27, 2021 to further work towards settlement. *See* ECF Nos. 11, 12. The second ENE has now been continued three times while the parties have been informally exchanging information and privately working towards settlement. ECF Nos. 13, 14, 16, 17, 18, 19.

Here, the parties once more seek a continuance of the ENE to continue engaging in private settlement discussions without incurring the costs associated with attending a second ENE. *See* ECF No. 20. In support, the parties detail their continued efforts to reach a settlement since the last extension was granted, including document production by Defendants and continued efforts to review records and produce further documents in response to questions provided by Plaintiff. *Id.* at 2. The parties represent that they are "cautiously optimistic" that they will reach resolution of this matter shortly, with the benefit of additional time to review and respond to the content of the documents. *Id.*

In light of the parties' ongoing settlement discussions, the Court finds the parties have shown good cause to **GRANT** the Joint Motion. Accordingly, the Court **CONTINUES** the ENE and CMC to **May 21, 2021**[1] at **2:00 p.m.**

The Court **RESETS** the related deadlines as follows:

1. **Confidential ENE Statements Required:**  No later than **May 17, 2021**, the parties

---

[1] In the joint motion, the parties propose various dates in April for the continuance of the second ENE. ECF No. 20 at 2. However, none of the proposed dates is available on the Court's calendar. The Court has reset the second ENE for the earliest available date.

shall submit confidential statements of five (5) pages or less directly to the chambers of Magistrate Judge Goddard outlining the nature of the case, the claims, and the defenses. **These statements shall not be filed or served on opposing counsel.** They shall be lodged via email at efile_goddard@casd.uscourts.gov. The ENE statement is limited to **five (5) pages or less, and up to five (5) pages of exhibits or declarations.** Each party's ENE statement must outline:

    A.    the nature of the case and the claims,

    B.    position on liability or defense,

    C.    position regarding settlement of the case with a **specific**[2] **demand/offer for settlement**,[3] and

    D.    any previous settlement negotiations or mediation efforts.

2. As before, the ENE and CMC shall take place by video conference. To accommodate this procedure, no later than **May 17, 2021**, counsel for each party shall send an e-mail to the Court at efile_Goddard@casd.uscourts.gov containing the following:

    a.    The **name and title of each participant**, including all parties and party representatives with full settlement authority, claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation;

    b.    An **e-mail address for each participant** to receive the Zoom video conference invitation; and

    c.    A **telephone number where each participant** may be reached so that if technical difficulties arise, the Court will be in a position to proceed telephonically instead of by video conference. (If counsel prefers to have all

---

[2] A general statement, such as that a party "will negotiate in good faith," is a <u>not</u> a specific demand or offer.

[3] If a specific demand or offer cannot be made at the time the ENE statement is submitted, then the reasons as to why a demand or offer cannot be made must be stated. Further, the party must explain when they will be in a position to state a demand or offer.

participants of their party on a single conference call, counsel may provide a conference number and appropriate call-in information, including an access code, where all counsel and parties or party representatives for that side may be reached as an alternative to providing individual telephone numbers for each participant.)

    d.    A **cell phone number for that party's preferred point of contact** (and the name of the individual whose cell phone it is) for the Court to use during the ENE to alert counsel via text message that the Court will soon return to that party's Breakout Room, to avoid any unexpected interruptions of confidential discussions.

3. **Case Management Conference:** In the event the case does not settle at the ENE, the Court will immediately thereafter hold a Case Management Conference ("CMC") pursuant to Fed. R. Civ. P 16(b). The parties may, but are not required to, submit an updated Joint Case Management Statement with new proposed dates for the case schedule no later than **May 14, 2021**. Any such Joint Case Management Statement should be filed on the docket and must address all points in the "Joint Case Management Statement Requirements for Magistrate Judge Allison H. Goddard," which can be found at: https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Joint%20Case%20Management%20Statement%20Rules.pdf.

All ENE-related requirements set forth in the Court's previous Order Setting Second ENE and CMC (ECF No. 12) (e.g., requirements for requesting a continuance, requirements and guidance for how to appear by video conference) remain in place, except as explicitly modified by this Order or by intervening orders of the Court.

**IT IS SO ORDERED.**

Dated: March 11, 2021

                                              _____
                                              Honorable Allison H. Goddard
                                              United States Magistrate Judge